UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:      KIM ZIEGELMAYER                Chapter 7
                                           BK No. 17-11357
            Debtor

**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL**

Charles A. Pisaturo, Jr., chapter 7 trustee of the above referenced debtor's estate, requests

that this Court enter an Order pursuant to §327(e) of the Bankruptcy Code and Bankruptcy Rule

of Procedure 2014(a) authorizing him to employ Peter J. Furness and Richardson, Harrington &

Furness as trustee's special counsel.  In support of this application, the trustee states as follows:

1.      On August 4, 2017, the debtor filed a chapter 7 bankruptcy petition.  Charles A.

Pisaturo, Jr. is the duly-appointed the chapter 7 trustee.

2.      On December 8, 2017, this Court entered an order of discharge in favor of the

debtor.

3.      On December 6, 2018, the United States Trustee filed a complaint against the

debtor, seeking a revocation of her discharge (Adversary Proceeding No. 18-1066).  In its

"bankruptcy discharge revocation complaint", the U.S. Trustee alleged, among other things, that

the debtor is the true owner of a Rhode Island business entity known as Sunflower Real Estate,

LLC (hereinafter "Sunflower").

4.      On information and belief, Sunflower has assets including unencumbered real

estate, rental income, and bank deposits.  On information and belief, the debtor receives the

benefit of residing in real estate ostensibly owned by Sunflower, possesses and operates a vehicle

owned by Sunflower, and maintained control over a Sunflower bank account.

5.      After the U.S. Trustee filed its discharge revocation complaint the debtor

stipulated to a waiver of her discharge.

6.        On information and belief, the debtor has assets that belong to her bankruptcy estate.  The assets have value.  There is litigation pending in the Rhode Island Superior Court concerning Sunflower.

7.        The trustee seeks the assistance of attorney special counsel Peter Furness and his firm to represent the trustee in the continued investigation and discovery of facts related to the debtor's ownership of Sunflower and the prosecution of any and all claims and causes of action related thereto.   Special counsel's duties will include, without limitation, fact investigation, discovery, the possibility of commencing an adversary proceeding in this Court and, if necessary, representing the trustee in the Superior Court matter.

8.        Proposed counsel is experienced in bankruptcy law, has represented bankruptcy trustees, including Trustee Pisaturo in other matters, and is well versed in the types of matters in which he is to be engaged.  He is a regular practitioner before this Court as well as other Bankruptcy Courts, the Federal District Court in Rhode Island and state courts in Rhode Island and other states.  Proposed special counsel Furness is well aware that this Court's approval of his employment is not a determination by this Court that his services are necessary.  Proposed counsel is aware that any compensation or reimbursement of expenses to him and his firm cannot and will not be paid without prior approval of this Court after an application for same is made with notice to all interested parties and an opportunity to be heard.

9.        Bankruptcy Code Section 327(e) authorizes this Court to approve the trustee's employment of special counsel that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or assist the trustee.

10.       Proposed counsel Furness will seek compensation from the bankruptcy estate, on an hourly rate basis, plus reimbursement of out of pocket expenses.  The following hourly rates will be charged for the requested services:

Proposed special counsel Furness will charge $375.00 per hour.  The applicant understands that no compensation or reimbursement of expenses will be paid without prior Court approval after application, with notice to all interested parties.

Moreover, although the trustee has previously hired himself as counsel in this case, there will not be any duplication of efforts or services between proposed counsel Furness and the trustee for which compensation will be sought (i.e., they won't both apply for compensation for performing duplicative services).

11.     To the best of the applicant's knowledge, attorney Furness and his firm are "disinterested" persons within the meaning of 11 U.S.C. §101(14), and do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed, and have no connection with the debtor, the creditors, and any other party in interest, and their respective attorneys and accountants.  Attached hereto and in support hereof, is the signed affidavit of the proposed attorney to chapter 7 trustee indicating that he meets the standards set forth in Code §327(e) in order to be hired in this case.

WHEREFORE, the Trustee requests that this Court enter an order authorizing the employment of Peter J. Furness and Richardson, Harrington & Furness as his counsel with final compensation subject to approval of this Court upon application made therefor.

January 17, 2019                    /s/Charles A. Pisaturo, Jr.
                                    CHARLES A. PISATURO, JR. (REG NO. 4615)
                                    Trustee
                                    Law Offices of Charles A. Pisaturo, Jr.
                                    1055 Elmwood Avenue
                                    Providence, RI 02907
                                    TEL:   (401) 274-3800
                                    FAX:   (401) 751-6786

## NOTICE

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2019, I served by electronic filing (ECF) or by first-class mail, postage pre-paid, a copy of the within TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL to the following parties: Gary L. Donahue, Esq., Christopher Lefebvre, Esq., Keith J. McCarthy,  Esq..;

Peter J. Furness, Esq.
Richardson, Harrington & Furness
182 Waterman Street
Providence, RI 02906

/s/ Jennifer Peters
Jennifer Peters
Law Offices of Charles A. Pisaturo, Jr.  1055 Elmwood Avenue
Providence, RI 02907